## Monmouth Mining and Manufacturing Company v. Regmier.

1. *Surveys and Plats—Mines.*—The object of Sec. 2, Chap. 94, R. S., entitled mines, is to obtain evidence as to whether mining operations are being carried on under or on the premises of an adjacent owner. When this object is attained the duties of the surveyor or appointee of the court ceases. The surveyor may be a witness and make a plat explanatory of his survey, and the owner may introduce in connection the oath of a witness showing its accuracy the same as other plats are introduced in evidence.

2. *Plats and Reports of Survey—Admissibility in Evidence.*—When a person is appointed under Sec. 2 of Chap. 94, entitled "An Act to Revise the Law in Relation to Mines" by the court, to make examinations and surveys for the purpose of ascertaining whether the mine is being worked upon the land of an adjacent owner, the plat, without proof of its correctness, much less a report of the surveyor of what he may choose to state in it, is not admissible in evidence.

3. *Statutes—Construction of Mines, Surveys and Plats.*—The statute authorizing a survey of lands adjacent to mines upon a complaint being made, simply gives legal authority to go upon the premises and make the survey, which otherwise would be a trespass. The proceedings are in the nature of a search warrant. It requires no record, plat or report to be made of such survey, and if the same are made they are not admissible in evidence without proof of their accuracy.

4. *Damages—Trespass—Mining under the Premises of Another, etc.*—In an action for damages resulting from the defendant's mining under the plaintiff's premises the damage must be confined to the direct results of the wrongful acts and must not include elements of other causes.

**Memorandum.**—Action for trespass. Appeal from the Circuit Court of Warren County; the Hon. John J. Glenn, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

Kirkpatrick & Alexander, attorneys for appellant.

Matthews & Peacock and Grier & Stewart, attorneys for appellee.

Opinion of the Court, Lacey, J.

The appellee recovered judgment in the court below

against the appellant in an action of trespass in the sum of $778.10 for mining under the surface of appellee's land, clay earth and sand rock and other substances used by it in the manufacture of sewer and drain pipe and tile and other articles of manufacture, which mining was carried on from appellant's mining premises adjoining those of appellee and was done from an underground shaft on the former's land by means of a drift or shaft which carried the miners into and upon the land of the appellee, where mining operations were carried on to a large extent and large quantities of clay and sand rock removed from the latter's premises which was claimed to be of great value. It is also charged in the second count of the declaration that the appellee's well was caused to dry up by reason of the mining operations carried on under his premises and under the well so that the same became worthless, etc. The excavation underneath the appellee's premises was about ninety feet from the surface; there was a vein of coal about twenty-two to twenty-six inches thick about fifty feet down from the surface and the well in question was about thirty-five feet deep. The well, claimed to have been injured, was at the dwelling house of appellee. There were two disputed questions tried before the jury: 1, whether appellant had mined the appellee's land as charged in the declaration and to what extent; 2, was the mine under appellant's well and did it drain the water from it and dry it up as claimed.

Prior to the commencement of the suit the appellee had made petition to the judge of the Circuit Court for the purpose of having a survey and examination made of the mine by some competent person to be appointed by the judge to ascertain if the mine was being worked on the premises of the petitioner. The judge in accordance with the statute, Sec. 2, Ch. 94 R. S., appointed one T. S. McClanahan to make the survey. The latter made it accordingly and made a plat of his survey and report to the judge in writing, accompanying the plat, of his acts and drawings in the premises, giving in his report a detailed account of the extent of the mining operations under appellee's land, which plat was

filed in the circuit clerk's office and approved by the court. This report the appellee offered in evidence, to which the appellant objected. The court overruled the objection and admitted it, to which proper exception was taken. In this we think the court erred. The object of the statute is to obtain evidence as to whether mining operations are being carried on under or on the petitioner's premises. When this object is attained the duties of the surveyor or appointee of the court ceases. The surveyor may be a witness in the case and make a plat explanatory of his survey and appellee may introduce it in evidence in connection with the oath of a witness testifying to its accuracy the same as other plats are introduced in evidence. The plat itself, without proof, much less a report by the surveyor of what he may choose to state in it, is not admissible. It will be observed by reading the statute that the petitioner may make his petition under oath to the circuit judge, not the court, for the appointment of the surveyor, no notice being required of such intended application to any one; thereupon the judge appoints the surveyor, who makes the survey under sanction and protection of the law. The statute simply gives legal authority to make the survey and to go into the mine owner's premises, while otherwise it would be a trespass. It is in the nature of a search warrant. The statute requires no record to be made of the survey, nor that a plat thereof and report be made in writing, or report made to either the circuit judge or court, neither that any such report be admissible in evidence. The duties of the circuit judge end upon the appointment of the surveyor, unless it be necessary to proceed against him for non-performance of duty by way of contempt of court. Clearly we think this plat and report were incompetent and should have been excluded; nor can we see that it did no harm, as is suggested by counsel for appellee, for the reason that the surveyor also gave oral evidence to the same matters, and especially as the survey and report carried with them apparent additional force and were well calculated to have controlling weight with the jury.

It appears to us from what the evidence fairly shows that

the jury must have allowed in its verdict at least $300 for damages to appellee for drying up his well. This, we think, was manifestly against the weight of the evidence. The well failed of its water, it is true, after the mining operations under or near it, but it was a very dry season, and there had been a succession of dry seasons for several years, and many wells similarly situated in that neighborhood had failed in like manner. And at least another well under which the mine had been run, and a large artificial pond also mined under, were unaffected by the mine. Appellee's well, after rains came again, had a supply of water. The clay above the mine under the well seemed to be impervious to water, and there was a vein of coal also watertight between the bottom of the well and the mine. It does not seem reasonable that the digging of the mine drained the well. It is the merest conjecture that it failed on account of the digging of the mine, even if it was excavated under it.

We see no other reversible error in the record. The judgment of the court below is reversed and the cause remanded.